# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,  Criminal No. 12-310(1) (DWF/SER)

  Plaintiff,

v.  **ORDER ADOPTING REPORT AND RECOMMENDATION**

James Potter Williams,

  Defendant.

This matter is before the Court upon the United States of America's ("Plaintiff") objections (Doc. No. 43) to Magistrate Judge Steven E. Rau's March 27, 2013 Report and Recommendation (Doc. No. 35) insofar as it recommends that Defendant James Potter Williams's ("Defendant") Pretrial Motion to Suppress Evidence from Search and Seizure be granted in part and denied in part and Defendant's Pretrial Motion to Suppress Statements, Admissions, and Answers be granted. Defendant has not filed a response to Plaintiff's objections.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

Having carefully reviewed the record, the Court concludes that Plaintiff's objections offer no basis for departure from the Report and Recommendation. In

particular, Plaintiff argues that Magistrate Judge Rau erroneously determined that: (1) Defendant was in custody at the time he made his statements; and (2) because Defendant was in custody, his consent to search his car was necessarily involuntary. Considering the relevant factors, the Court concludes, as did Magistrate Judge Rau, that Defendant was in custody at the time he was questioned by law enforcement; a reasonable person in Defendant's position would not have felt free to terminate the interview and leave. *See United States v. Sanchez*, 676 F.3d 627, 630-31 (8th Cir. 2012), citing *United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990). In order to show that Defendant voluntarily consented to the search of his car, "the government must show that a reasonable person would have believed that [Defendant] gave consent that was the product of an essentially free and unconstrained choice, and that [Defendant] comprehended the choice that he . . . was making." *United States v. Sanders,* 424 F.3d 768, 773 (8th Cir. 2005) (citations and internal quotation marks omitted); *see also United States v. Serabia-Ferrel*, Crim. No. 11-174, 2011 WL 3625140, at *2 (D. Minn. Aug. 17, 2011). Having considered the totality of the circumstances, including the mitigating and aggravating factors, the Court concludes that the government has not met its burden to show that a reasonable person would have believed Defendant's consent to the search was the product of a free and unconstrained choice. *See United States v. Johnson,* 619 F.3d 910, 918 (8th Cir. 2010); *United States v. Zamoran–Coronel,* 231 F.3d 466, 469 (8th Cir. 2000). *Contra United States v. Wallace*, 2010 WL 5490894, at *6 (D. Minn. 2010) (concluding that the defendant's "consent to search the apartment was voluntary and was not the product of police coercion" and that "the facts leading up to the giving of consent

clearly establish that [the] [d]efendant's will to resist a search was not overborne by the police"). Consequently, suppression of Defendant's statements and the laptop found in his car is warranted.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. The United States of America's objections (Doc. No. [43]) to Magistrate Judge Steven E. Rau's March 27, 2013 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Steven E. Rau's March 27, 2013 Report and Recommendation (Doc. No. [35]) is **ADOPTED**.

3. Defendant Williams's Pretrial Motion to Suppress Evidence from Search and Seizure (Doc. No. [17]) is **GRANTED IN PART** and **DENIED IN PART** as described in the Report and Recommendation.

4. Defendant Williams's Pretrial Motion to Suppress Statements, Admissions, and Answers (Doc. No. [18]) is **GRANTED**.


Dated: May 28, 2013                                s/Donovan W. Frank
                                                   DONOVAN W. FRANK
                                                   United States District Judge